**MINNEC v. HUDSPETH, Warden.**

No. 2344.

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1941.

Appellant pro se.

Summerfield S. Alexander, U. S. Atty., of Topeka, Kan. (Homer Davis, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, John M. Minnec, has appealed from the judgment of the District Court of the United States for the District of Kansas denying his petition for writ of habeas corpus. He was indicted in the District Court of the United States for the Northern District of Illinois in an indictment containing sixteen counts, charging him with use of the United States mails in furtherance of a scheme to defraud, in violation of 18 U.S.C.A. § 338. He was tried to a jury, found guilty on all counts, and sentenced to the Federal Penitentiary at Leavenworth, where he is now confined.

It is urged that petitioner was denied his constitutional rights to be represented by competent, efficient counsel. But the record shows that at every step of the proceedings, both in the District Court and on appeal in the Circuit Court of Appeals, as well as in his application for writ of certiorari to the Supreme Court of the United States, he was represented by counsel of his own choosing. Nowhere in the record does it appear that such counsel was incompetent, that petitioner was dissatisfied

 

445

or made a request for additional or other counsel.

■ It is further urged that the indictment under which he was convicted failed to state an offense and that the court was without jurisdiction. The indictment laid the venue in the district of the court which tried petitioner. The sufficiency of the indictment was challenged by counsel for petitioner throughout the entire proceeding. It was raised before trial by motion to quash, and by general and special demurrers. An appeal was taken from the judgment of conviction to the Seventh Circuit Court of Appeals, where the sufficiency of the indictment was again challenged. United States v. Minnec, 104 F.2d 575. That court, in a detailed, exhaustive opinion, resolved this very point against petitioner and upheld the sufficiency of the indictment, and petitioner therefore may not by a writ of habeas corpus raise the same question a second time.

While many other questions are raised, they consist in the main of statements and conclusions and allegations of error committed during the course of the trial. They are such questions as can be raised only by appeal and not by habeas corpus.

■ Only one other charge merits consideration. Petitioner contends that the lower court erred in refusing to issue the writ and order respondent to produce the petitioner in court so that he could testify in the proceedings below. This, he claims, is a right granted him by the Supreme Court in Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. But the court there held that the writ may be denied where upon the face of a petition it appears that the petitioner is not entitled thereto. What could petitioner have testified to had he been brought into court? We may only, by a writ, inquire into the sufficiency of the indictment, the jurisdiction of the court, and whether petitioner has been denied any of his fundamental constitutional rights. Whether the indictment stated an offense must be determined from the instrument itself. Whether the venue is laid in the district of the trial court likewise must be determined from the indictment. Petitioner could not testify concerning these matters because they are questions of law which are determined from the indictment alone. Neither could petitioner be heard in this instance to say that he was not represented by counsel, because the record conclusively shows that he was so represented in every step of the proceedings. These are the only matters concerning which inquiry may be had in habeas corpus proceedings.

The judgment is affirmed.