**Ernest C. VERHUEL, Petitioner,**

v.

**ATTORNEY GENERAL et al.,
Respondent.**

**No. 2411 H.C.**

United States District Court
D. Kansas.
July 15, 1957.

Robert L. Boyce, Jr., Kansas City, Kan., for petitioner.

William C. Farmer, then U. S. Atty., Topeka, Kan., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., for the government.

HUXMAN, District Judge (assigned).

Petitioner has filed an application for release by writ of habeas corpus. A hearing was held on the 1st day of July, 1957, in the United States District Court for the District of Kansas, at Kansas City, Kansas, and petitioner and respondent were requested to file briefs. The briefs have been filed with the Court, the case has been considered, and the Court has concluded that petitioner is not presently entitled to release from confinement in the Federal Penitentiary at Leavenworth, Kansas.

Petitioner commenced serving the twenty-five year sentence for bank robbery on May 31, 1935 (later reduced to twenty years). He was released on conditional release July 13, 1947. On that date the petitioner had 2878 days remaining to be served on his sentence. Upon his induction, he was credited with 2400 days statutory good time, that being all the good time he could earn throughout the term of his sentence. That method of crediting statutory good time was rejected by the Circuit Court of Appeals for the Tenth Circuit in Hunter v. Facchine, 195 F.2d 1007. That case laid down the rule, since approved by other courts, that the proper method for computing good time under the applicable statute was to credit the prisoner

with seven days a month each month throughout the entire term of the sentence, rather than crediting him with all good time at the beginning of the sentence.

In addition to the 2400 days of good time with which he was credited, petitioner was credited with 478 days of industrial good time, making a total credit of 2878 days. When a point was reached where there remained of his maximum sentence only 2878 days, he was released on conditional parole. He violated this parole, the parole was revoked, and the 2878 days of good time were forfeited.

At the hearing of this case, the Court made it clear that the rule laid down in the Facchine case must be followed, and the concern of the Court was whether applying that rule petitioner has now served the 2878 days with which he was credited and which he did not actually serve. The parties were asked to make a computation of the good time petitioner was entitled to under the Facchine rule, so that the Court could determine whether petitioner was presently entitled to release. The computation as submitted to the Court, and concerning which there is no dispute, shows that the petitioner should have been credited with 1454 days of statutory good time. Adding to that the 478 days of industrial good time, he has earned only 1932 days good time at the time he was released, rather than 2878 days, and was therefore erroneously released.

When his conditional parole was revoked, the Prison authorities could forfeit only 1454 days of statutory good time and 478 days of industrial good time, or a total of 1932 days, not the 2878 days.

From the computation submitted, it is clear that at the time the parole was revoked petitioner had not yet served the maximum sentence, giving him proper credit for good time earned, and that therefore his application for release by writ of habeas corpus is premature. The application is therefore denied and the petitioner is remanded to the custody of the Warden.