John C. HOWARD, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 12281.

United States District Court
W. D. Missouri, W. D.

June 25, 1959.

John C. Howard, pro se.

Edward L. Scheufler, U. S. Atty., John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

R. JASPER SMITH, District Judge.

Petitioner presents his application for a writ of habeas corpus, to which a show cause order and response have been entered, alleging that he is being unlawfully restrained at the United States Medical Center.

Petitioner's current incarceration is a result of a conditional release violation. He was originally sentenced to a term of 18 years on October 27, 1939, by the United States District Court for the District of Minnesota. He was conditionally released July 14, 1950. He violated the terms of his release, and pursuant to a warrant issued by the United States Board of Parole, was returned to federal custody on October 23, 1956, to serve the remainder of his original sentence.

The issue presented is the manner in which the time has been computed that petitioner must now serve. At the time of his release in 1950 (before the decision in Hunter v. Facchine, 10 Cir., 1952, 195 F.2d 1007) petitioner was credited with 2,160 days of statutory good time under the provisions of Title 18, U.S.C.A. § 4161 (18 years times 120 days per year), and 501 days of industrial good time under Title 18 U.S.C.A. § 4162, or a total of 2,661 days. At the point of his sentence where this amount of time remained to be served, July 14, 1950, petitioner was released. As computed by the formula established by the Facchine case, however, petitioner had actually

earned 1,285 days of statutory good time at the point of his conditional release.

In essence his argument is that under the terms of the Facchine rule petitioner was prematurely released, and that when he was returned to custody as a violator there remained due on his sentence not 2,-661 days but 1,285 days. He contends that he can be recommitted as a conditional release violator to serve only the statutory good time actually earned under a Facchine computation up to the time of his release. Additionally, he claims that there can be no forfeiture of the 501 days of industrial good time. Through the device of various other minor credits, some of them mathematically erroneous, which he would subtract from the purported starting figure of 1,285 days, he maintains that the term for the conditional release violation should be 1,-035 days, and that with a deduction of 10 days per month statutory good time he should have been released on December 26, 1958.

Petitioner has erred in his effort to achieve an early release date. He claims that industrial good time is a vested right and not subject to forfeiture. This is not the law. United States ex rel. Jacobs v. Barc, 6 Cir., 1944, 141 F. 2d 480, certiorari denied 1944, 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581; Carroll v. Squier, 9 Cir., 1943, 136 F.2d 571, certiorari denied 1943, 320 U.S. 793, 64 S.Ct. 202, 88 L.Ed. 478. And his contention that he now need serve only the 1,285 days of statutory good time he had earned under the Facchine formula at the time of his release is equally without merit. The United States District Court for the District of Kansas, in the case of Verhuel v. Attorney General et al., No. 2411 H.C. (not reported), on July 15, 1957, ruled that under Facchine, a conditional release violator need only serve on his return to custody the amount of time he had earned as good time prior to his release. However, the later case of Yates v. Looney, 10 Cir., 1958, 250 F.2d 956, nullified the effect of the district court decision in Verhuel.

The complaint shows on its face that petitioner has failed to state a claim for relief at this time. It is therefore unnecessary to consider other contentions which involve much shorter periods of time. The application for a writ of habeas corpus is premature and is denied. It is so ordered.