John C. HOWARD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16320.

United States Court of Appeals
Eighth Circuit.

Jan. 5, 1960.

John C. Howard, pro se.

Edward L. Scheufler, U. S. Atty., John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by petitioner John C. Howard from an order denying his ap-plication for a writ of habeas corpus wherein he contends that he is being un-lawfully restrained and imprisoned in the custody of the United States.

Show cause order was issued and re-sponse thereto has been filed. The trial court dismissed the application without hearing, holding "the complaint shows on its face that petitioner has failed to state a claim for relief at this time. It is therefore unnecessary to consider oth-er contentions which involve much short-er periods of time. The application for a writ of habeas corpus is premature and is denied." The trial court's memoran-dum opinion is reported at 174 F.Supp. 276.

The record establishes beyond contro-versy that petitioner upon his voluntary plea of guilty to a charge of entering a federally insured bank with intent to commit larceny was on October 27, 1939, sentenced to imprisonment for a term of 18 years by the United States District Court of Minnesota, and that petitioner immediately commenced the service of his sentence.

Petitioner was credited with 2160 days statutory good time (18 years times 120 days per year) under the provisions of 18 U.S.C.A. § 4161, and with 501 days of industrial good time under 18 U.S. C.A. § 4162, or a total of 2661 days of good time. On July 14, 1950, the time actually served by the petitioner when added to the 2661 days of good time al-lowed being equal to the sentence im-posed, the petitioner was conditionally released pursuant to 18 U.S.C.A. § 4164.

On August 19, 1952, warrant for re-taking petitioner for violation of his con-ditional release was issued by a member of the Board of Parole as authorized by 18 U.S.C.A. § 4205. Such warrant was executed on October 23, 1956, at the Min-nesota State Penitentiary and petitioner was on that date returned to Federal custody.

Howard in his petition in no way at-tacks the validity of his original con-viction and sentence and does not sub-stantially attack the legality of the revo-

vation of his conditional release. Petitioner is a layman and has represented himself both in the District Court and in this court and has been permitted to proceed in forma pauperis in each court. It is somewhat difficult to ascertain all the legal contentions petitioner has sought to raise. We shall attempt to carefully consider all errors urged.

Petitioner asserts that at the time of his conditional release he refused to accept a parole and refused to sign a parole agreement and that consequently the laws dealing with violation of parole do not apply. For the purpose of this appeal we may accept as true the petitioner's statement that he did not consent to a parole or sign parole papers.

18 U.S.C.A. § 4163 provides:

"A prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. * * *"

and 18 U.S.C.A. § 4164 provides:

"A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced."

■ The courts have uniformly held that when the time served by a prisoner, plus good time earned, equals the total sentence the prisoner must be given a conditional release. Objections to such a release made by the prisoner can in no way affect the duty of the warden to release the prisoner upon the terms imposed by the statutes just quoted. Singleton v. Looney, 10 Cir., 218 F.2d 526, 528; Hicks v. Reid, 90 U.S.App. D.C. 109, 194 F.2d 327, 329; Carroll v. Squier, 9 Cir., 136 F.2d 571, 573.

We are satisfied that the petitioner's conditional release is subject to all of the laws relating to parole. Petitioner's principal complaint appears to be that he was prematurely released and that upon revocation of parole he can be required to serve only the good time to which he was actually entitled under § 4161 as codified in 1948 and as interpreted by Hunter v. Facchine, 10 Cir., 195 F.2d 1007, rather than the amount of good time he was credited with at the time of his conditional release. For the purposes of this appeal, we assume without so deciding that petitioner is entitled to have his good time credit computed in the manner stated in the Facchine case.[1]

If the petitioner's good time is computed on the basis of the Facchine rule, he would at the time of his conditional release have been entitled as he claims to 1285 days of good time rather than 2160 days of good time actually allowed. Petitioner further claims that his 501 days of industrial good time cannot be forfeited. His position is that upon revocation of his conditional release he can be required to serve only the 1285 days of good time to which he was actually entitled, and further contends that such time is reduced by other credits cutting the unserved portion of his sentence to 1035 days, entitling him to a release on December 26, 1958.

1. The Attorney General disputed the validity of the Facchine method of computation of good time. He used the Facchine computation only in Kansas, feeling compelled to do so by reason of the decision of the United States District Court for Kansas. The Facchine computation gives the prisoner considerably less good time credit than does the method of computation usually used by the Government. At the request of the Attorney General, as disclosed by the legislative history, Congress by 73 Stat. 546 enacted September 14, 1959, removed from § 4161 the words added to such section by the 1948 revision to-wit: "to be credited as earned and computed monthly", which words had given rise to the Facchine computation. This amendment it is believed, at least as to future sentences, restores the method of computing good time used here by the Government.

██ It is well established that upon revocation of parole the prisoner shall be required to serve all or any part of the remainder of the term to which he was sentenced. 18 U.S.C.A. § 4164 provides the conditionally released prisoner is to be treated as if released upon parole. 18 U.S.C.A. § 4207 provides that when a parole is revoked a prisoner may be required to serve all or any part of the remainder of his sentence.

 The Board of Parole has power to revoke a conditional release. Upon revocation the prisoner may be required to serve the balance of his original sentence. The balance is ascertained by deducting the time actually served from the sentence imposed. A prematurely released prisoner is entitled to no credit upon his sentence for the number of days of his premature release. Upon revocation of his parole the prisoner forfeits good time earned and may be required to serve the portion of his sentence not previously served. Wooten v. Wilkinson, 5 Cir., 265 F.2d 211, 212; Yates v. Looney, 10 Cir., 250 F.2d 956, 957.

The only case found which supports petitioner's contention that upon revocation of parole he is required to serve only the good time to which he is legally entitled is the case of Verhuel v. Attorney General, D.C.Kan., 180 F.Supp. 154. We agree with the trial court's conclusion that the Yates case, supra, decided by the 10th Circuit nullified the effect of the Verhuel decision. We further believe that the Wooten and Yates cases are based upon sound reasoning and correctly interpret the parole statutes.

 Petitioner's contention that he has a vested right in industrial good time earned under 18 U.S.C.A. § 4162 is without merit. This statute on its face plainly shows that credit for industrial good time is given upon the same terms and conditions as good conduct commutation. The courts have uniformly held that industrial good time is subject to forfeiture upon parole violation. Wipf v. King, 8 Cir., 131 F.2d 33; Northcutt v. Wilkinson, 5 Cir., 266 F.2d 2; Hockaday

v. U. S., 4 Cir., 248 F.2d 950; Bragg v. Huff, 4 Cir., 118 F.2d 1006.

██ Petitioner additionally urges that the statute authorizing industrial good time is a contract and cannot be impaired by reason of Article 1, Section 10 of the Constitution. This constitutional provision by its terms only prohibits state acts impairing contractual obligations and is not here applicable. In any event, the statute granting industrial good time also provides for its forfeiture and we find that no impairment of any contractual obligation is established.

██ Petitioner's argument that his incarceration is involuntary servitude prohibited by the 13th Amendment is without merit as this amendment on its face excepts lawful punishment upon conviction of a crime.

██ Petitioner's claim that he is entitled to credit upon his sentence for the period during which he is released on parole is likewise without merit. A prisoner is not entitled to credit upon his sentence for the period that he is out on parole. Imprisonment contemplated by Federal law is confinement in fact. Hedrick v. Steele, 8 Cir., 187 F.2d 261, 263; Yates v. Looney, supra; Singleton v. Looney, supra.

██ Petitioner also urges that his constitutional protection from double jeopardy has been violated. He argues that his original 18 year sentence would expire in 1957 and that imprisonment under the original sentence cannot be continued beyond that date. Of course, if petitioner had remained in custody, his sentence would expire at the end of 18 years. Petitioner was not serving time on his sentence from the time of his parole in 1950 until the time he was taken back into custody in 1956. No double jeopardy exists under such circumstances. Petitioner is not being retried for the original offense. His return to prison is brought about by the revocation of his conditional release because of his violation of his parole obligations. Hedrick v. Steele, supra; John-

son v. Rhay, 9 Cir., 266 F.2d 530; U. S. ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480. The warrant for parole violation was both issued and served upon the petitioner within the 18 year period he was sentenced to serve.

█ The equal protection clause of the 14th Amendment is inapplicable as it is directed to state action. See Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884. No state action is here involved.

█ We are also satisfied that no violation of due process has been adequately asserted. The fact that the United States Court for Kansas in the Verhuel case reached a different interpretation of Federal statutes than that arrived at by other federal courts constitutes no violation of due process guaranteed by the Constitution.

█ We are also satisfied that the court committed no error in failing to hold a hearing upon the petition. If all of the facts alleged by the petitioner are taken as true, the petitioner has still failed to establish a right to relief. We have hereinabove held that petitioner upon revocation of his parole is required, as a matter of law, to serve the balance remaining of his 18 year sentence after crediting the period of his prior prison confinement, and that the issue of whether the petitioner was prematurely released has no bearing upon the time he is required to serve to complete his sentence upon the revocation of his parole. 28 U.S.C.A. § 2243 provides, in part:

> "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained."

Where there is no dispute as to material fact and only a question of law involved, the court is not required to order that the petitioner be produced in court for a hearing. Harrison v. King, 8 Cir., 111 F.2d 420; Murdock v. Pollock, 8 Cir., 229 F. 392; Minnec v. Hudspeth, 10 Cir., 123 F.2d 444.

We are satisfied that under the circumstances of this case the court committed no error in dismissing the petition without holding a hearing.

A full consideration of all errors urged, including those not specifically discussed, convinces us that the court properly dismissed petitioner's application for writ of habeas corpus.

The judgment appealed from is affirmed.