UNITED STATES of America ex rel. Stanley PITCHCUSKIE

v.

William J. BANMILLER, Supt. Eastern State Penitentiary, Philadelphia, Pennsylvania.

Misc. No. 2349.

United States District Court
E. D. Pennsylvania.

Nov. 1, 1962.

Langdon W. Harris, III, Philadelphia, Pa., for petitioner Stanley Pitchcuskie.

Frederick O. Brubaker, Dist. Atty. of Berks County, Reading, Pa., Peter F. Ciani, Asst. Dist. Atty. of Berks County, Reading, Pa., for respondent William J. Banmiller.

CLARY, Chief Judge.

Stanley Pitchcuskie, relator herein, confined in the State Correctional Institution at Philadelphia, filed in this Court a petition for writ of habeas corpus, in which he averred that he had, at Docket No. 71, September Term, 1960, Court of Common Pleas of Berks County, Reading, Pennsylvania, filed his petition for a writ of habeas corpus, contending that a sentence of ten to twenty years imposed by a Judge of the Quarter Sessions Court of Berks County on September 21, 1942 constituted a violation of his Constitutional rights. The petition was denied by that Court. An appeal was taken to the Superior Court of Pennsylvania which, in an Opinion reported at 194 Pa.Superior Ct. 534, affirmed the Berks County Court. Allocatur was denied by the Supreme Court of Pennsyl-

vania and thereafter certiorari was denied by the United States Supreme Court on November 6, 1961, No. 340 Misc., October Term.

The indictment upon which relator was sentenced was No. 26 as of September Sessions, 1942, Court of Oyer and Terminer and Quarter Sessions Court of the Peace for the County of Berks, on charges of burglary, larceny, receiving stolen goods, and malicious mischief.

The principal averment in support of the issuance of the writ was that he was coerced into changing his plea of "not guilty" to "guilty", under the threat that the Court would impose the maximum sentence if he so elected to stand trial and was convicted; that he was destitute and without means to engage counsel to advise him, then only twenty-two years of age, of his Constitutional rights, and that because of coercion and threats, he reluctantly changed his plea from "not guilty" to "guilty". He further averred that although the Court appointed counsel to represent his co-defendant, no offer of counsel was made to him, he was unrepresented so that in sum total, the trial was unfair, and taken as a whole, he was denied his Constitutional right to a fair trial.

Primarily, because of the issue of coercion, this Court in an Opinion and Order dated February 12, 1962, issued a Rule to Show Cause why the writ should not be issued and fixed March 13, 1962 for hearing, and appointed Langdon W. Harris, III, Esquire, a member of the Federal Defense Panel to represent relator, Stanley Pitchcuskie, in this proceeding.

Because of an apparent dispute between the Attorney General of Pennsylvania and the District Attorney of Berks County as to who should represent the interests of the Commonwealth in the proceeding, and because of an alleged busy schedule in Berks County, the case was continued, at the request of the District Attorney of Berks County, to April, and later to June 6, 1962 at the request of relator's counsel. The hearing was then held as scheduled, and at the conclusion thereof, counsel for the relator requested further additional time to locate possible witnesses, which time was again further extended upon said attorney's request. The Court has now been advised that no further testimony will be forthcoming and that the matter is ready for decision on the present record.

This proceeding involves a review of the action of the Courts of the Commonwealth of Pennsylvania, a matter which is quite distasteful to a Federal District Court Judge but which, under the decisions of the Supreme Court of the United States, the District Court is required to make. In this proceeding, and in others of similar character which have come before this Court, we have noticed a growing tendency by the District Attorneys of certain counties to pay little, if any, attention to petitions of this nature, although the Court has been very careful to see that a copy of the petition is served upon the District Attorney of the county involved. No answers are filed traversing the allegations of the complaint so that in many instances the Court has been forced to proceed to hearing on Rules to Show Cause why writs of habeas corpus should not issue, having only the information contained in the relator's petition. No answer was filed in this case, and the Court and the Court-appointed attorney for the relator, had no advance notice of the true facts involved.

From all the evidence in the case, the Court finds the facts as follows: Stanley Pitchcuskie was arrested for the charges above enumerated. While awaiting trial, he and two co-defendants broke the Berks County jail. As a result of the jail break, he was put in maximum confinement, of which he now complains, but with which the Court finds to be within the limits of decent jail disciplinary practice. For a period of at least two weeks prior to his trial, he was kept in normal confinement, receiving the same treatment as every other prisoner of the Berks County jail. He was

brought to trial in the Berks County Court and attorneys were appointed by the Court to represent the interests of the two defendants who elected to stand trial; not as alleged in the petition that only one such attorney was appointed. The attorney appointed to represent Pitchcuskie, while a younger lawyer, was a very capable attorney who demonstrated shortly thereafter his ability as an Assistant United States Attorney in this Court.

The then Assistant District Attorney, C. Wilson Austin, now a Judge of the Common Pleas Court of Berks County, who prosecuted Pitchcuskie, testified in this case. He had taken a statement from the defendant in the District Attorney's office after the jail break, in which the defendant admitted his guilt to the charges contained in the indictment. No promises were given nor were threats made. The trial of Pitchcuskie and the taking of testimony started in the morning and the testimony of some nine witnesses was concluded before 4 P.M. At that time, counsel for both defendants requested time to consult with their clients, showed them the statements which they had given, and thereafter they returned to open Court, pleaded "guilty" and were sentenced. It may be remarked here in passing that Pitchcuskie had prior jail experience.

In Berks County, the Clerk of the Quarter Sessions Court keeps a day book in which is recorded the date of the trial, the caption of the case, and defendants and counsel, and the names of the jurors empaneled to try the case. The day book containing the actual record of relator's trial was presented to the Court and I am thoroughly satisfied that it is an official record kept in the ordinary course of business, is genuine and accurate. The Chief Probation Officer of Berks County also was called to testify. He was in 1942, and at the time of the hearing, connected with that office. The case attracted probably more than ordinary attention because the two defendants involved were jail breakers and had pleaded "guilty" to jail breaking. Newspaper clippings of the day following the trial, exhibited to the Court, gave a complete account of the trial, including the appointment of counsel, the testimony of witnesses, the motion for a recess to consult with clients, and the later plea of "guilty" in open Court.

It is extremely unfortunate that in the habeas corpus proceedings in Berks County the existence of the records of the Clerk of Quarter Sessions was never brought to the attention of the Court and that the case was tried in that Court and, of course, on the subsequent appeals on the theory that Pitchcuskie was not represented by counsel. Had the record of the Clerk of Quarter Sessions been brought to the attention of the Court of Berks County and the recorded proceedings incorporated in the record made in that Court, it is quite probable that the matter never would have reached this Court.

On the above recited facts, it is clear that the complaints of Pitchcuskie that he was not represented by counsel and was coerced into making a plea of "guilty" are completely false. Despite the untiring and intelligent efforts made on his behalf by Court-appointed attorneys, his petition must fail. Apparently he was no more truthful to his attorney than he was in his original pleading in this Court.

### ORDER

AND NOW, to wit, this 1st day of November, 1962, for the reasons set forth above, it is ORDERED, ADJUDGED and DECREED that the petition of Stanley Pitchcuskie for a writ of habeas corpus be and it is hereby denied.