**UNITED STATES of America ex rel. Stanley PITCHCUSKIE**

v.

**Alfred T. RUNDLE, Warden, Eastern State Correctional Institution, Philadelphia 30, Pennsylvania, and Paul Gernert, Chairman of Pennsylvania Board of Parole, Harrisburg, Pennsylvania.**

Misc. No. 2517.

United States District Court
E. D. Pennsylvania.

July 1, 1963.

568

Stanley Pitchcuskie, in pro. per.

No appearance for respondents.

CLARY, Chief Judge.

This is the second petition for writ of habeas corpus filed in this Court by Stanley Pitchcuskie. Relator's first petition, which was denied in an Opinion and Order entered November 1, 1962 (United States ex rel. Pitchcuskie v. Banmiller, D.C., 209 F.Supp. 774) questioned the voluntary nature of his guilty plea at the trial and included the averment that he was convicted without counsel being appointed for him. The latter averment was demonstrated to be a complete lie at the hearing on the petition. At that hearing he also stated, under oath, that he was released on parole from prison on August 29, 1951, after serving almost ten years of a ten to twenty year sentence. He further testified that he was recommitted on March 30, 1960 to serve the unexpired portion of his sentence because of a criminal conviction in New York State while on parole.

Relator's present claim is that his constitutional rights are being violated by the action of the Parole Board in "redating and extending his maximum sentence without * * * being duly convicted in a court of law * * *."

The question of the right of a Parole Board to recommit a parolee who has been convicted of a crime while on parole to serve the unexpired balance of his original maximum sentence has been determined in a number of instances. Commonwealth ex rel. Carmelo v. Burke, 168 Pa.Super. 109, 78 A.2d 20 (1951) is authority for the proposition that a Parole Board is under no constitutional obligation to diminish the length of the sentence of a recommitted parolee by a period equal to the time when the prisoner was on parole. This is also the Federal rule. Howard v. United States, 274 F.2d 100, 103 (8 Cir. 1960). See also Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923).

ORDER

And Now, to wit, this 1st day of July, 1963, for the reasons set forth above, it is ordered, adjudged and decreed that the present petition of Stanley Pitchcuskie for a writ of habeas corpus be and it is hereby denied.