**Walter Olie NOORLANDER, Appellant,**

v.

**UNITED STATES ATTORNEY GENERAL and His Subordinates, et al.,
Appellees.**

No. 72–1225.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1972.

Decided Sept. 18, 1972.

Walter O. Noorlander, pro se.

Bert C. Hurn, U. S. Atty., and Sheryle L. Randol, Asst. U. S. Atty., Kansas City, Mo., on brief for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY,* District Judge.

PER CURIAM.

Walter Olie Noorlander appeals *pro se* and in forma pauperis from an order entered April 9, 1972 by the Honorable William R. Collinson, District Judge for the Western District of Missouri, which denied Noorlander's petition for a writ of habeas corpus.[1] We affirm the denial of the habeas writ.

Noorlander is presently confined in the United States Center for Federal Prisoners, Springfield, Missouri. There is no real dispute involved in this case but a more or less detailed recitation of the same in conjunction with our opinion is necessary for an enlightened discussion of the many issues raised by petitioner.

On July 14, 1969 Walter Olie Noorlander was released from the United States Penitentiary at Leavenworth, Kansas where he had been serving two concurrent sentences for interstate transportation of forged securities. Noorlander's release was authorized under the provisions of 18 U.S.C. § 4163, which make release mandatory when the amount of time served plus the amount of good time earned equal the full term of the sentence imposed.[2] At the time of his release Noorlander was fully informed of the conditions upon which his release had been granted and that a violation of any of these conditions would render him subject to a forfeiture of all good time and reimprisonment for the remainder of his sentence not actually served. Under the provisions of 18 U.S.C. § 4164, Noorlander was to remain subject to these conditions until April 22, 1971.

In May and August of 1970 two separate prosecutions, each based on different transactions, were initiated against Noorlander for interstate transportation of forged securities. Noorlander entered a plea of guilty in each of the prosecutions and he was sentenced to two terms which were to run concurrently.[3] Upon learning of the new criminal charges against Noorlander, the United States Board of Parole issued a warrant against him for violation of the terms of his mandatory release. Although the initial mandatory release violator's warrant was issued on July 10, 1970, apparently no further action was taken by the Board of Parole until September 15, 1971. On this date the Board of Parole entered a detainer notice with the Medical Center for Federal Prisoners in Springfield, Missouri, where Noorlander was serving the two

---

* Sitting by designation.

1. Walter Olie Noorlander v. United States Attorney General and his Subordinates, United States Board of Parole and Dr. P. J. Ciccone, Director of U. S. Medical Center, Civil Case No. 19989-2.

2. 18 U.S.C. § 4163, in pertinent part, reads as follows:

". . . [A] prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct."

3. The plea in one of the prosecutions was to a charge of interstate transportation of forged securities. The other plea was to a charge of failure to appear, in violation of 18 U.S.C. § 3150.

sentences for his 1970 convictions. The effect of this detainer notice was to order that Noorlander be retained in custody after completion of the sentences he was currently serving in order that a disposition could then be made on his mandatory release violation.

At the outset it should be noted that there are several points which are not in question in this case. First, appellant in no way challenges the validity of any of the convictions upon which the various sentences involved here were imposed. Second, there is no question but that Noorlander's self-admitted criminal conduct in 1970 constituted a violation of the terms of his mandatory release. Third, there can be no doubt that the United States Board of Parole issued the warrant against Noorlander within the statutory period during which his mandatory release was subject to revocation. Finally, it is clear that the United States Board of Parole took no further action on the warrant it had issued until after the statutory period had expired.

▄▄ Before reaching appellant's attack on the actions of the Board of Parole, two alleged errors are raised challenging the adequacy of the review given to appellant's petition by the district court. First, appellant argues that the district court erred in not affording him an evidentiary hearing on his petition. While it is true that due process frequently requires that an evidentiary hearing be afforded in a habeas corpus proceeding, such a hearing is neither required nor could it be meaningful in cases such as this where there are no material facts in dispute. Ford v. Boeger, 362 F.2d 999 (8th Cir.), cert. denied, Curtis v. Boeger, 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787 (1966); Howard v. United States, 274 F.2d 100 (8th Cir.), cert. denied, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525 (1960). The merits of appellant's case here involve exclusively questions of law raised by undisputed facts clearly present in the record. Thus, no evidentiary hearing was required. Appellant further argues that the district court erred in not answering

all of the questions raised by his petition. In support of this argument appellant lists seventeen questions that the district court allegedly failed to answer. Additionally, appellant quite correctly points to the careful consideration that is to be given to *pro se* petitions such as appellant's. The claim that appellant's petition was not given a complete review, however, is utterly without merit. Examination of the opinion of the district court and the extensive pleadings filed by appellant clearly indicate that the district court gave very meticulous consideration to appellant's petition and responded thoroughly to each material issue raised. The mere repetition of the same issues in different language does not entitle appellant to a reexamination of the answers already given to those issues.

The more important questions raised by this case relate to Noorlander's attack on the actions of the Board of Parole in entering a detainer notice against him. In essence appellant's arguments are: (1) that the failure to credit the time "served" on mandatory release against the unserved remainder of the sentence is a deprivation of liberty without due process and amounts to a bill of attainder; (2) that the confiscation of good time and industrial time credits violates due process; (3) that the Board of Parole lost jurisdiction over appellant when it failed to act within the statutory period on the warrant it had issued; and (4) that the failure of the Board of Parole to take further action on the detainer notice violates equal protection and due process.

▄▄ None of appellant's arguments is well taken. The language of 18 U.S.C. § 4164 clearly states that a prisoner placed on mandatory release shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." The phrase of § 4164 "as if released on parole" makes all mandatory releasees subject to the provisions of 18 U.S.C. § 4205. This section provides for the re-

taking of parole violators and requires that "the time the prisoner was on parole [or mandatory release] shall not diminish the time he was sentenced to serve." The joint construction of these statutes which appellant complains of has been repeatedly upheld, and the constitutional validity of the statutes so construed is well established. Williams v. Ciccone, 415 F.2d 331 (8th Cir.1969); Desmond v. United States Board of Parole, 397 F.2d 386 (1st Cir.), cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L. Ed.2d 206 (1968); Howard v. United States, 274 F.2d 100 (8th Cir.1960). Similarly, it is well established that a parole violator or mandatory release violator may constitutionally be subjected to a forfeiture of all good time and industrial time that was previously earned. *E. g.*, Williams v. Ciccone, *supra*, 415 F.2d at 332–333.

■■ Appellant's argument that the Board of Parole lost jurisdiction over him by failure to act upon the warrant it had issued is without merit. The law is well established that it is the issuance of the warrant by the Board and not its execution that must be within the statutory period. Chaney v. Ciccone, 427 F.2d 363 (8th Cir.1970). Any other rule would subject the Board to obvious administrative difficulties that would frequently render enforcement impossible. It is, of course, true that the Board has a duty to execute a warrant without delay. Simon v. Moseley, 452 F.2d 306 (10th Cir. 1971). It has been repeatedly held, however, that imprisonment for intervening state or federal sentences ·can justify delay on the part of the Board in executing the warrant. Petition of Castaldi, 428 F.2d 371 (8th Cir.1970); Hash v. Henderson, 385 F.2d 475 (8th Cir.1967); Maples v. United States, 360 F.2d 155 (8th Cir.1966). There is no question presented here that the delay during the intervening sentence would prejudice appellant's capacity to defend against the charges of violating the terms of his mandatory release. The violations were self-admitted. Thus, the only question at a disposition hearing would be what action was appropriate.

■ The gist of appellant's final argument is that the presence of the detainer in his record had the effect of making his intervening sentence more burdensome without any proceedings to determine the propriety of the alleged increase in harshness. Thus, for example, appellant alleges that the outstanding detainer rendered him ineligible for lower security custody and a variety of rehabilitative programs. The government argues that this issue is now moot because the warrant upon which the detainer was based has now been executed and appellant is currently serving the sentences for his mandatory release violation concurrently with the sentences from the 1970 convictions.[4] This argument does seem to dispose of appellant's attack. Even assuming the question were moot, however, appellant's argument is not well taken.

The effect of the detainer may well have been to render appellant's intervening sentences more burdensome than the sentences of other prisoners who were similarly situated but had no detainers outstanding. We cannot say, however, that there was no rational relationship between the alleged differences in treatment and the presence of the detainer. To hold otherwise would be tantamount to requiring correctional administrators to ignore the past records and behavior of prisoners when classifying them. A different case might be presented, of course, if the offenses upon which the detainer was based were not self-admitted. Here the fact that there was a violation of the mandatory release was not in dispute.

■ Appellant's due process argument is equally without merit. Apparently appellant would have this court hold that in cases such as this the Board of Parole is required to act on the de-

---

4. The execution of the warrant took place in April of 1972, after the order of the district court had already been handed down.

tainer as early in the intervening sentence as is reasonable or not at all. This argument ignores the nature of appellant's position. The Board of Parole has the authority to act at some early date in the intervening sentence if it so desires. Furthermore, the Board has the authority to order the remainder of the previous sentence to be served concurrently with the intervening sentence, consecutively, or not at all. A requirement that the Board act at such an early date, however, would frequently operate to the detriment of the prisoner by forcing the Board to exercise its discretion at a point in time when the prisoner's record would argue least favorably for lenient treatment. In making this point, we again note that a different case might be presented where the offenses upon which the detainer was based were in dispute.

Under the undisputed facts and the settled controlling law it is our view that Judge Collinson properly reached the only permissible conclusion, and we affirm the denial of the habeas writ.