**ODOM ENTERPRISES, INC., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al, Defendants.**

**Bankruptcy No. LR–C–82–618.**

United States District Court, E.D. Arkansas, W.D.

Nov. 24, 1982.

---

Robert J. Brown, Little Rock, Ark., for debtor/plaintiff.

Ronald D. Young, Harrison, Ark., for Security Title Co., Inc.

Donald H. Henry, Little Rock, Ark., for Commercial Nat. Bank.

## MEMORANDUM OPINION

GEORGE HOWARD, Jr., District Judge.

This is an appeal by the debtor in this Chapter XI reorganization proceeding from an order of the Bankruptcy Court for the Eastern District of Arkansas, Western Division, abstaining and dismissing the debtor's petition with prejudice.

The issue tendered is whether the bankruptcy court abused its discretion in dismissing debtor's petition with prejudice instead of just a plain dismissal or, stated differently, without prejudice. The Court vacates the order of the bankruptcy court and remands this cause.

## PERTINENT FACTS

On July 16, 1982, the bankruptcy court entered the following order:

"Ordered, that the debtor and creditors, or any of them, show cause in writing *within twelve days* of the date of entry of this order why the court should not *abstain from and dismiss* these Chapter XI proceedings." (Emphasis added)

On August 9, 1982, after finding that "debtor . . . [has] elected not to respond to the show cause order . . . [and] . . . no creditor has responded to the order to object to the *proposed abstention or dismissal* . . .", the bankruptcy court entered the following order:

"Ordered that this court abstain from these Chapter XI proceedings under the provision of Section 305 of the Bankruptcy Code. It is further, accordingly,

Ordered and adjudged that, as a matter of unreviewable abstention, these Chapter XI proceedings be, and they are hereby, *dismissed with prejudice*." (Emphasis supplied)

It is readily plain that the bankruptcy court's proposed action, as communicated to the concerned parties, is materially different from what the court actually did in its *sua sponte* action in dismissing the petition with prejudice.

The central question, therefore, is whether the debtor was denied due process of law by the action of the bankruptcy court. The Court is persuaded that the bankruptcy court's action, under the circumstances existing, falls far short of due process.

I.

## PLAIN DISMISSAL VERSUS DISMISSAL WITH PREJUDICE

Section 305 of the Bankruptcy Reform Act of 1978 (The Act), provides:

(a) The court, after notice and a hearing, may dismiss a case under this title . . . at any time if—

1. The interest of creditors and debtors would be better served by such dismissal . . .

Section 1471 of Title 28 provides:

. . . [A] district court or a bankruptcy court [may] in the interest of justice . . . [abstain] from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

It is clear that The Act grants to a bankruptcy court the discretion, for cause, to

decline jurisdiction of a bankruptcy proceeding by abstaining or dismissing the proceeding after notice and affording the debtor and creditors a hearing.

The length and manner of giving notice is provided for under Interim Rule 2002(b) which provides:

[T]he clerk of the Bankruptcy Court *shall* give ... at least 20 days' notice by mail of ... (4) the hearing on the dismissal or conversion to another chapter of a case when notice is required by § 1112(b) of the Code[.]

The notice afforded the parties here, under the bankruptcy court's order of July 16, 1982, was only twelve days. It is apparent that the notice was eight days short of the statutory requirement.

Relative to the hearing mandated by The Act, the bankruptcy court advised the creditors and debtor:

"[T]he court proposes to rule on the abstention matter without an actual hearing unless a response to this order raises a material factual issue. For due process does not require a hearing in the absence of a material issue of fact."

The bankruptcy court cited *Noorlander v. United States Attorney General,* 465 F.2d 1106, 1009 (8th Cir.1972) as authority for its conclusion that a hearing was not required. The Court is of the view that *Noorlander* is inapplicable here. In *Noorlander,* a state prisoner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri seeking his release. The petition was denied by the district court without conducting an evidentiary hearing. The district court concluded that a hearing was not required since the merits of Noorlander's case involved "exclusive questions of law raised by undisputed facts *clearly present in the record.*"

■ This Court is not prepared to conclude, after reviewing the record in this case, that the record clearly demonstrates that there are no undisputed facts which would justify the bankruptcy court in terminating these proceedings in an *ex parte* setting. The bankruptcy court, in evaluating the record and actions of the debtor which the bankruptcy court relied upon in

entering its order of dismissal, was less than positive that the record "clearly" contained undisputed facts which created "exclusive questions of law." For example, the bankruptcy court observed "it was *indicated* in these documents (schedules of debts, assets and statement of affairs) that, if liquidation should ensue forthwith, all the creditors would be paid 100% of the respective indebtednesses which were owed to them, for the total value of the existing assets of the debtor was scheduled at $4,491,679.98 and the total value of the scheduled debts was designated to be $1,431,068.07. The statement of affairs further *indicated* that an action previously brought against the debtor by a secured creditor ... in the Newton County Chancery Court, had been interrupted and stayed by the filing of the Chapter XI proceeding. If the case *were to appear to have a purpose other than that of simply frustrating* and impairing the rights of ... creditors ... it was incumbent upon the debtor to make timely disclosures...."

Furthermore, the Court is persuaded that Section 305 mandates a hearing in order to afford both the debtor and creditors an opportunity to register either an objection to or acquiese in the dismissal of a debtor's petition especially where, as here, the dismissal is with prejudice. The dismissal here bars future relief in a subsequent petition involving the debts and creditors identified in this proceeding. In other words, the proceeding is *res judicata.* Given this circumstance, this Court is of the view that even in the absence of the statutory requirement that notice and a hearing be afforded, due process alone would mandate an adversary type of hearing before the bankruptcy court could terminate this action with prejudice. *See Buffington v. First Service Corporation,* 672 F.2d 687 (8th Cir.1982).

## II.

## APPELLATE REVIEW OF THE ABSTENTION ORDER

■ The bankruptcy court's order of August 9, also specified that the action of the court was "unreviewable."

Section 305(c) of The Act also provides:

(c) An order ... dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.

Section 1471 of Title 28 U.S.C. also states:

... Such abstention, or decision not to abstain, is not reviewable by appeal or otherwise.

The decision of the bankruptcy court as previously stated dismissed debtor's petition with prejudice as opposed to without prejudice. A dismissal of this magnitude, which precludes future relief to the debtor, as to debts and creditors designated here, indeed survives appellate review under either the clearly erroneous standard or an abuse of discretion standard. Due process dictates nothing less. The court has applied the abuse of discretion standard here.

The bankruptcy court's dismissal action was not predicated on the fact that a question of state law is involved and the court should stay its hand pending an authoritative state court interpretation, or that a prior state court proceeding is pending which, under such circumstances, would not necessarily entitle the debtor to appellate review of a dismissal order since such action would not constitute a bar to future relief. The bankruptcy court concluded that the Chapter XI petition should be dismissed with prejudice because the debtor had been dilatory in filing monthly business reports, disclosure statements and schedules of debts required under The Act. There is no assertion that the debtor is guilty of any fraudulent conduct in this proceeding. The record also reflects that the debtor requested and received several extensions from two of the three bankruptcy judges who have handled this proceeding for filing some of the required documents.

The bankruptcy court found and the record reflects that the debtor and creditors did not respond to the bankruptcy court's announced intention to simply "dismiss" debtor's petition. It is reasonable to assume, and the debtor's argument here supports the view, that the concerned parties favored a plain dismissal of the proceeding in order to pursue settlement discussion free and clear of the influence of the bankruptcy court. On the other hand, the Court is persuaded that had the parties been advised that the proposed dismissal would be "with prejudice", the parties in all likelihood would have appeared in order to register an objection to a dismissal that would prejudice any future need either on the part of debtor or creditors to invoke the jurisdiction of the court for relief as to claims designated in this proceeding. This appeal is indicative of the debtor's strong opposition to the dismissal of his petition with prejudice. The failure of the bankruptcy court to inform the parties that the proposed dismissal was "with prejudice" is fatal to the court's action and does not preclude appellate review of the dismissal order.

The debtor also argues that the exercise of the power of abstention is a prerogative exclusively within the jurisdiction of an Article III Court. This argument was not made to the bankruptcy court. Conceding that subject matter jurisdiction may be raised at any time even at the appellate level, the Court deems it unnecessary to rule on this argument since the bankruptcy court's order of dismissal is vacated on other grounds and the case remanded for further proceedings. The debtor is free to assert this argument below on remand.[1]

Accordingly, the bankruptcy court's order of dismissal with prejudice is vacated and this cause is remanded.

1. On June 28, 1982, the Supreme Court held in *Northern Pipeline Construction Co. v. Marathon Pipeline Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, that the broad grant to bankruptcy judges "... jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11" violates Article III of the Constitution. The decision has prospective application and the court's judgment was stayed until October 4, 1982, and a further stay has been invoked.