**HEDRICK v. STEELE.**

No. 14185.

United States Court of Appeals, Eighth Circuit.

March 2, 1951.

Rexford P. Hedrick, per se.

Sam M. Wear, U. S. Atty., and Sam O. Hargus, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus. The facts were correctly stated in the trial judge's memorandum opinion as follows: "Petitioner was tried and convicted on November 28, 1945, by Military Court-Martial, 8th Army, 97th Division, and sentenced to six years' imprisonment for the offense of manslaughter. Under said sentence, petitioner was duly confined in the Federal Reformatory at El Reno, Oklahoma. After serving 960 days of said sentence petitioner was paroled to go to his home at Springfield, Missouri. Before being granted such parole petitioner had 'earned 256 days of Statutory Good Time by his 'good conduct'. After eleven and one-half (11½) months on parole, under Federal supervision, petitioner's parole was duly revoked, and he was committed as of June 30, 1949, to the Medical Center for Federal Prisoners, at Springfield, Missouri, and ordered to serve a total of 1230 days' confinement under his original sentence. As a parole violator the full term of petitioner's sentence, according to the records of said institution, will not expire until November 20, 1952; and his 'good conduct' term will continue such sentence until December 24, 1951."

Appellant makes the same argument here and his position is the same as both were in the trial court. The trial court's statement thereof is clear, accurate and concise: "It is petitioner's contention that under the above state of facts his original sentence of six years has been increased and extended to 'six years, eleven and one-half months'; and as a consequence he is being placed in 'double jeopardy' or twice punished for a single offense, in violation of the Fifth Amendment of the Constitution of the United States. Petitioner further contends that if his original sentence was not so extended, he would, by allowance of good time now earned, 'be eligible for immediate conditional release.' To sustain this latter proposition, petitioner makes claim to the 256 days of statutory good time he claims to have earned before being granted a parole, as well as 'good time' earned while out on parole,[1] and such as he has earned since his retaking for violation of the terms of his parole."

Appellant is not entitled to have the time he was at liberty on conditional release or parole treated as time served on his sentence when there has been a violation of the terms of the conditional release

---

[1.] Appellant complains of the trial judge's assumption that appellant was claiming "good time" earned while on parole. It is obvious from a mathematical calculation that appellant would not have been entitled to release at the time of the hearing of his application for habeas corpus in June, 1950, if "good time" for the period he was on parole was not included in the calculation. That explains the reason for the trial judge's assumption that appellant was making such claim.

or parole. Nor is he entitled to have the "good time" earned while he was serving his sentence prior to parole treated as time served on his sentence, when he subsequently violated that parole. The trial judge properly applied the law and correctly disposed of these contentions in the following language:

"The contentions above made by petitioner are not novel. Identical contentions have previously been made by other federal prisoners and adversely ruled to the same contentions that petitioner here makes. By authorities controlling on this Court, the rules of law applicable to the contentions so made are: (1) that when a federal prisoner accepts the grace of conditional release, before service of the full term of his sentence, and he is retaken into custody and his parole revoked, 'the unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to * * * custody * * *, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve'; Section 4205, Title 18 U.S.C.A. (2) that the plea of double jeopardy is not a valid one, where a parole violator is required to serve the balance of his sentence, although the service thereof extends beyond the date the original sentence would have expired, if no parole had been granted; United States ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480, certiorari denied 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581; Dolan v. Swope, 7 Cir., 138 F.2d 301. (3) that where violation of a parole occurs before expiration of maximum sentence, good time earned, at time parole is granted is forfeited, and under Section 4161, Title 18, U.S.C.A., statutory good time allowances are 'to be credited as earned and computed monthly' during service of balance of sentence for which parole was revoked. Section 4165, Title 18, U.S.C.A.; Taylor v. Squier, 9 Cir., 142 F.2d 737; Christianson v. Zerbst, 10 Cir., 89 F.2d 40.

"It clearly appears from the pleadings on file that at the time of the revocation of his parole petitioner had 1230 days remaining to be served on his original sentence; that petitioner is not entitled to credit thereon for good time earned prior to the granting of his parole; that to allow petitioner eight (8) days per month on the balance of his original sentence, 'to be credited as earned and computed monthly,' petitioner has not earned sufficient statutory good time allowance so as to entitle petitioner to be released from his present confinement."

The facts stated in the application for the writ of habeas corpus did not justify or authorize the issuance of the writ or the granting of the relief prayed for. That application was properly dismissed. The order and judgment of the trial court is therefore affirmed.