Joe Louis ESQUIVEL, Appellant,

v.

UNITED STATES of America, J. T. Willingham, Warden, U. S. Bureau of Prisons, Appellees.

No. 67–68.

United States Court of Appeals
Tenth Circuit.

Aug. 26, 1969.

Leo H. Smith, Denver, Colo., for appellant.

Franklin R. Theis, Arkansas City, Kan. (Benjamin E. Franklin, U. S. Atty., and John R. Martin, Asst. U. S. Atty., Topeka, Kan., were on the brief), for appellees.

Before PHILLIPS, LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

Petitioner challenges a dismissal of his application for habeas corpus by the United States District Court for the District of Kansas and invokes appellate court jurisdiction under 28 U.S.C. § 2253. This appeal stems from petitioner's 1960 conviction for unlawful possession of narcotics, 21 U.S.C. § 174, and incarceration under a ten-year sentence. Pursuant to 18 U.S.C. § 4163, he was conditionally released from imprisonment on November 10, 1966, as a mandatory releasee. Subsequently, petitioner's conviction for vagrancy, resumption of narcotics use, failure to benefit from voluntary commitment for medical treatment as a user, and association with a known user resulted in his October 8,

1967 arrest on a retaking warrant. 18 U.S.C. § 4205. His mandatory release status was revoked after a revocation hearing on December 8, 1967, 18 U.S.C. § 4207, and, as provided in 18 U.S.C. § 4205, petitioner's sentence was not diminished by his used parole time.

Petitioner below attacked the statutory procedure under which his mandatory release was revoked and the forfeiture of his good time during parole. Dismissing without a hearing, the district court found that petitioner's arguments were without merit, that the Board of Parole acted within its discretion in revoking parole, and that the full term of petitioner's sentence would expire on August 15, 1971, presumably based upon the October 18, 1967 date of arrest. We affirm.

Petitioner argued below that the conditions of parole to which he objected were arbitrary, self-incriminating, and violative of equal protection. However, this court has held that a prisoner's consent or non-consent to parole conditions does not relieve him of a duty to comply with them. Robinson v. Willingham, 10 Cir., 369 F.2d 688, 689 & n.1–2 and cases cited (per curiam); see 18 U.S.C. §§ 4164 (released prisoner deemed parolee), 4203 (terms and conditions of parole).

On appeal petitioner has principally contended that his forfeiture of earned statutory good time renders his present detention an unlawful extension of sentence. We reject the argument as contrary to controlling decisions and sound penal administration of conditional-release programs, "[A] sentence is served only by imprisonment or by unrevoked parole." Weathers v. Willingham, 10 Cir., 356 F.2d 421, 422 and cases cited. A federal prisoner conditionally released from custody pursuant to 18 U.S.C. § 4163 shall be deemed released on parole for the remainder of the maximum term. See 18 U.S.C. § 4164. The only right to release prior to the expiration of the maximum term is statutory and conditional. Moreover, a violation of the conditions may result in the revocation of the release status and subject a violator to serve the full time or any part thereof. Miller v. Taylor, 10 Cir., 290 F.2d 8, 9. Good time of whatever nature may be forfeited. McKinney v. Taylor, 10 Cir., 358 F.2d 689. Clearly, any accrued good time does not become vested until a prisoner is unconditionally released at the expiration of the maximum term of his sentence less 180 days. See 18 U.S.C. § 4164.

Petitioner below also challenged the revocation of his mandatory release status by contending that the alleged violations are not crimes, the conditions of parole to which he subjected himself were vague, and hearsay evidence was used. Although a parole revocation hearing need not conform to the dictates of due process, Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 79 L.Ed. 1566, procedural "needs of the occasion" must be met to circumscribe the Board's discretion. However, whether a parole is revoked for a violation of its terms rests in the sound discretion of the Board of Parole. Brown v. Taylor, 10 Cir., 287 F.2d 334, cert. denied, 366 U.S. 970, 81 S.Ct. 1933, 6 L.Ed.2d 1259. We agree with the court below that no abuse of discretion is revealed by the record.

Finally, petitioner makes a broad claim that his revocation proceedings were procedurally defective. Specific claims such as that he was not informed of his right to retained counsel and to call voluntary witnesses are negatived by his written waiver of such rights and it also affirmatively appears that he admitted his return to drug addiction, a violation of parole conditions. The impact, if any, of this court's decision in Earnest v. Willingham, 406 F.2d 681, was not presented to the trial court nor urged on appeal. Consequently we express no opinion on this potential aspect of the case.

Affirmed.