William Eugene **SWIFT**, Petitioner,

v.

Pasquale J. **CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

No. 19946–4.

United States District Court,
W. D. Missouri, W. D.

April 3, 1972.

Gary Eldridge, Asst. Public Federal Defender, Kansas City, Mo., for plaintiff.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for respondent.

MEMORANDUM AND ORDER GRANTING RECONSIDERATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted federal prisoner who is currently confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, has filed in forma pauperis a petition for writ of habeas corpus seeking the restoration of certain "Good Time" credits which were earned prior to the revocation of his parole originally granted under the authority of 18 U.S.C. § 4201 et seq., by the United States Board of Parole. Leave to proceed in forma pauperis was granted by the Court in the order to show cause entered on December 21, 1971. On March 17, 1972, this Court entered its order denying petitioner's application for writ of habeas corpus. Subsequently, however, petitioner withdrew his notice of appeal from that decision so that this Court could consider the issues presented in light of the fact that petitioner had been paroled under 18 U.S.C. § 4201 et seq., rather than conditionally released under the provisions of 18 U.S.C. § 4161 et seq.

In his traverse to respondent's response, petitioner states:

"Petitioner began service of his sentence on May 10, 1963, at the United States Penitentiary at Leavenworth. While at Leavenworth, he earned more than 400 days statutory, industrial, and meritorious good time credits. He was paroled on October 12, 1966. On February 2, 1968, petitioner was arrested as a parole violator and sent back to Leavenworth for a revocation hearing. 18 U.S.C. 4207; Rules of the United States Board of Parole, pp. 32–33. The hearing was held before a Parole Board Hearing Examiner on February 20, 1968. After receiving evidence from the parties, the Examiner made a finding that petitioner had violated the conditions of his re-

lease and should be returned to confinement. The good time credits petitioner had earned prior to his parole were never mentioned at the hearing; petitioner assumed that, since he had earned them, they would be subtracted from the balance of the term he was required to serve."

Additionally, the records submitted by respondent in response to this Court's order to show cause indicate that petitioner was initially released on parole with 2401 days remaining to be served upon his various federal sentences and that, when his parole was revoked for breach of its conditions, this good time credit was forfeited. Following the revocation of his parole, petitioner later escaped from federal custody and, after his apprehension and conviction for that offense, a consecutive federal term of imprisonment of one year and one day was imposed. Since the imposition of his last federal sentence, his various federal sentences have been aggregated for the purpose of computing "Good Time" credit and petitioner has been credited with such credits at the rate of ten days per month.

Basically, in his traverse to respondent's response, petitioner admits the accuracy of the facts set forth in the response and admits that the computation of petitioner's sentences is valid. Petitioner's contention is, however, that the Attorney General of the United States or his delegates could not forfeit the "Good Time" credit earned by petitioner prior to his release under 18 U.S.C. § 4201 et seq., without an independent inquiry "into whether the facts of his particular case warrant restoration of all or part of the good time he earned prior to his release on parole." Apparently, petitioner contends that such inquiry should be made during a hearing which is independent of a parole revocation hearing by the United States Board of Parole. Petitioner claims that the Attorney General of the United States does not "investigate individual cases to determine whether all or part of the prisoner's good time credits should be returned to

him," and that the Attorney General must "consider each case for possible restoration of good time earned prior to parole release." By way of relief, petitioner requests that this Court should "(1) conduct an evidentiary hearing to receive testimony concerning the practices and procedures of the United States Board of Parole and the Federal Bureau of Prisons in factual situations such as the one at bar; (2) direct both parties to this lawsuit to present oral argument concerning the legal questions involved herein; (3) after receiving the evidence and considering the law, grant the instant petition for writ of habeas corpus and enter an order directing the United States Attorney General to adopt a Constitutionally adequate procedure whereby consideration will be given to restoration of petitioner's earned good time and directing automatic consideration to restoration of good time in future parole revocation cases; (4) grant such other and further relief that is just and proper."

■■■■ The petition for writ of habeas corpus should and will be denied. Under the provisions of 18 U.S.C. § 4165, "if during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited." This statutory section providing for the forfeiture of "Good Time" credit applies to a violation committed while on conditional release as well as to one committed while in institutional confinement. Williams v. Ciccone, 415 F.2d 331, 332 (8th Cir. 1969); Sprouse v. Settle, 274 F.2d 681 (8th Cir. 1960). In addition, under the provisions of 18 U.S.C. § 4207, petitioner "may be required to serve all or any part of the remainder of the term for which he was sentenced" upon the revocation of his parole, including that which had previously been earned as "Good Time" credit. Lynch v. United States, 414 F.2d 281 (5th Cir. 1969); Langston v. United States, 310 F.Supp. 147 (D.Pa. 1970); Hill v. United States Board of Parole, 257 F.Supp. 129 (D.Pa.1969);

United States ex rel. Obler v. Kenton, 262 F.Supp. 205 (D.Conn.1967). Thus, it is well established that, upon violation of the conditions of parole and the subsequent revocation of that parole, all of a federal prisoner's "Good Time" credit earned prior to release on parole is subject to forfeiture. Williams v. United States Board of Paroles, 428 F.2d 1210 (5th Cir. 1970); Esquivel v. United States, 414 F.2d 607 (10th Cir. 1969); Hedrick v. Steele, 187 F.2d 261 (8th Cir. 1951). As stated by the Eighth Circuit Court of Appeals in Hedrick v. Steele, *supra*:

> "[W]here violation of a parole occurs before expiration of maximum sentence, good time earned, at time parole is granted is forfeited, and under Section 4161, Title 18, U.S.C.A., statutory good time allowances are 'to be credited as earned and computed monthly' during service of balance of sentence for which parole was revoked."

Further, the question of whether or not a federal prisoner's "Good Time" credit will be forfeited following the revocation of his parole is entirely a discretionary matter for the Attorney General of the United States or his delegates which will not be judicially reviewed absent some abuse of that discretion. Theriault v. Blackwell, 437 F.2d 76 (4th Cir. 1971); Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966); Humphrey v. Wilson, 281 F.Supp. 937 (W.D.Mo.1968); Gregory v. United States Board of Parole, 308 F.Supp. 258 (W.D.Mo.1969). The forfeiture of "Good Time" credit after the revocation of a conditional release is constitutional. See: United States ex rel. Ostin v. Warden, Federal Detention Headquarters, New York, 296 F.Supp. 1135 (S.D.N.Y.1969) and cases cited therein at page 1136, n. 5.

██ There is no authority for the proposition that the Attorney General of the United States must hold a separate, independent evidentiary hearing to determine whether or not previously-earned "Good Time" credit should be forfeited. If the fact of a federal prisoner's violation has been established after a hearing of the United States Board of Parole, there exists no constitutional or federal statutory requirement which requires an additional hearing to be conducted by the Attorney General of the United States to consider the forfeiture of his "Good Time" credit because of that established violation. Since the federal prisoner whose parole has been lawfully revoked has, in fact, committed a violation of the conditions of his release, the further action of the Attorney General based upon that violation is not arbitrary or capricious, and is not a violation of the Fifth Amendment of the United States Constitution. Thus, because petitioner's parole was lawfully revoked after an institutional hearing by the United States Board of Parole, he is not constitutionally entitled to a further hearing concerning the forfeiture of his previously-earned "Good Time" credit. If the Attorney General or his delegates later determine that petitioner is a fit subject for restoration of some or all of the "Good Time" credit which he earned prior to such revocation, then they may, in their statutorily-granted discretion, grant restoration. However, petitioner was not entitled to a separate hearing in that respect and is not entitled to the restoration of his "Good Time" credit through this proceeding for a writ of habeas corpus.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is reconsidered and denied.

It is so ordered.