**William Eugene SWIFT, Appellant,**

v.

**Dr. Pasquale J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

No. 72–1232.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1972.

Decided Dec. 27, 1972.

Rehearing and Rehearing En Banc Denied Feb. 5, 1973.

Gary Eldredge, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

This case is pending before us on appeal by William Eugene Swift, a prison-

er at the United States Medical Center at Springfield, Missouri, from the denial of his petition for habeas corpus relief. The controversy generating this litigation stems from the fact that upon the revocation of appellant's parole, after a hearing, he no longer receives credit for the good time he earned prior to his release on parole.

The petition was filed in the United States District Court on December 16, 1971. Thereafter, the petitioner and the appellee, Dr. Ciccone, filed various motions and pleadings and the court filed several interlocutory orders. On May 17, 1972, the court filed its memorandum opinion and order denying the petition for a writ of habeas corpus. From that order Swift filed a notice of appeal. By leave of court, that notice was withdrawn and on April 3, 1972, the district court filed its "Memorandum and Order Granting Reconsideration and Denying Petition for Writ of Habeas Corpus." In its original memorandum the court had considered that appellant had been paroled under 18 U.S.C. §§ 4201 et seq., rather than conditionally released under the provisions of 18 U.S.C. §§ 4161 et seq. The court's April 3 memorandum is published at 351 F.Supp. 1149 (W.D. Mo.1972). Following the filing of the second memorandum and order, appellant filed a notice of appeal and the matter is pending here as a result of that notice.

The district court's review of the relevant facts is sufficient to a proper understanding of the issue presented, which is: does the claimed forfeiture of good time earned prior to a revoked parole violate the Due Process Clause of the Fifth Amendment to the United States Constitution if it was effected without an evidentiary hearing?

We have carefully considered the arguments presented by the appellant and are satisfied that the district court's decision was correct and finds support in the numerous decisions cited in its memorandum opinion. *See also* Noorlander v. United States Attorney General, 465 F.2d 1106 (8th Cir. 1972). Due process does not necessitate an evidentiary hearing where there are no factual issues to resolve. Accordingly, the automatic forfeiture of good time upon the revocation of parole does not require an evidentiary hearing on the forfeiture in addition to the parole revocation hearing required by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972). In sum, we are not persuaded to hold that the statutory plan and scheme for the granting and revocation of paroles and good time deprived appellant of due process.[1]

Affirmed.

---

1. Affirmance could also be predicated on the position advanced by the United States Department of Justice in its amicus brief filed in response to our post-argument request. The Justice Department agrees with the result reached by the District Court, but asserts that 18 U.S.C. §§ 4165-66 permit the forfeiture of good time only for misbehavior while incarcerated and cites Lynch v. United States, 414 F.2d 281, 282 (5th Cir. 1969), in support of its position. In the view of the Justice Department, good time is "used up" by the granting of a parole and the applicable statute is 18 U.S.C. § 4207.

There is merit in the position of the Justice Department, but we find it unnecessary to expound at length upon that theory in view of our conclusion that appellant has not been deprived of due process.