**Roy O'Malley BELL, Appellant,**

v.

**L. R. PUTMAN, Warden, Appellee.**

No. 76-1747.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 27, 1977.

Decided Feb. 1, 1977.

. Roy O'Malley Bell, pro se.

Robert G. Renner, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Roy O'Malley Bell appeals from the dismissal of his habeas corpus petition in which he sought restoration of good time credit. We affirm.

Bell is presently incarcerated at the Federal Correctional Institution at Sandstone, Minnesota, serving a 15-year sentence for bank robbery imposed by the United States District Court for the Northern District of California in 1966, and a consecutive 9-month sentence for escaping from federal custody imposed in 1973. In March 1975, 2,541 days before the expiration of his sentences, Bell was paroled. Shortly thereafter, he pleaded guilty to a state burglary charge, his parole was revoked, and he was returned to federal custody. Bell was afforded both a preliminary and a final revocation hearing.

In August 1975, while confined at the United States Penitentiary at Terre Haute, Indiana, Bell filed a habeas corpus petition in United States District Court for the Southern District of Indiana, alleging, *inter alia,* that upon his return to federal custody good time credit, approximately 1,174 days, earned prior to his release on parole had been forfeited without a hearing. The district court denied relief, stating:

> Petitioner's assertion that he lost good time without a hearing is somewhat disingenuous as he received two parole revocation hearings pursuant to *Morrissey* [*v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)]. Clearly, the Board may require petitioner to serve the remainder of his original sentences, thereby forfeiting all accrued good time. See *Henning v. U. S. Bureau of Prisons,* 472 F.2d 1221 (5 Cir. 1973); *Swift v. Ciccone,* 351 F.Supp. 1149 (W.D.Mo.1972), aff'd 472 F.2d 577 (8 Cir. 1972).

*Bell v. United States Parole Board,* No. TH 75–162–C (S.D.Ind., filed Feb. 27, 1976). Bell did not appeal the denial of the writ.

After being transferred to the federal prison at Sandstone, Minnesota, Bell commenced the instant action, alleging that he had been wrongfully deprived of the good time earned prior to his parole, and that the statutes authorizing the forfeiture of good time were unconstitutional.

The United States District Court for the District of Minnesota viewed Bell's claim to be that his good time credit was forfeited without a hearing following his parole revocation, and denied relief on the basis of the Indiana court's earlier rejection of that same claim. This was proper. *See* 28 U.S.C. § 2244(a). In any event Bell's claim is clearly without merit. We have held that:

> [T]he automatic forfeiture of good time upon the revocation of parole does not require an evidentiary hearing on the forfeiture in addition to the parole revocation hearing required by *Morrissey v. Brewer* [citation omitted].

*Swift v. Ciccone,* 472 F.2d 577, 578 (8th Cir. 1972).

Bell attempts to differentiate the present case from the Indiana action by characterizing this claim as a challenge to the forfeiture of his good time on the day that he was released on parole, thus, prior to and not as a result of his parole revocation. Stated another way, his claim is that his good time credit was not deducted from the expiration date of his sentences in computing the termination date of his parole supervision. In the federal penal system, good time operates to reduce the length of a prisoner's incarceration; it does not accelerate the termination of post-release supervision for a parolee or a prisoner who has reached his mandatory release date. *See* 18 U.S.C. §§ 4164 and 4203 (1969), *as amended,* 18 U.S.C. § 4210; *Briest v. United States Bureau of Prisons,* 459 F.2d 284 (8th Cir. 1972). Accordingly, Bell's claim is without merit.

Bell's claims regarding the constitutionality of the federal statutory scheme providing for the granting and forfeiture of good time are similarly devoid of merit.

*See Swift v. Ciccone, supra; Noorlander v. United States Attorney General,* 465 F.2d 1106 (8th Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973).

The judgment of the district court is affirmed.