**James Lloyd HUBBERT,
Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent-Appellee.**

**No. 78–1423.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 1978.
Decided Oct. 31, 1978.

Before CUMMINGS, PELL and WOOD, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court denying appellant's petition for a writ of habeas corpus, and granting respondent's motion for summary judgment on petitioner's claim for damages. This appeal is being considered on briefs and record without oral argument pursuant to Rule 2, Fed.R.App.P. At issue is whether good time reduces the term of a sentence, including time to be spent on parole, or only reduces time to be spent in prison.

Petitioner was sentenced by the United States District Court for the Northern District of Illinois, on March 9, 1971, to a four year term of imprisonment pursuant to a conviction for the sale of counterfeit obligations. He was paroled from this sentence to the physical custody of Illinois authorities on October 10, 1972. He was released from his Illinois sentence on January 4, 1973, and reported to the United States Probation Office in Chicago on January 8, 1973. Following the expiration of the Illinois parole supervision, petitioner began reporting to the United States Probation Office in Chicago in July, 1973. His case was closed on January 3, 1975, when his federal sentence expired.

On December 29, 1975, petitioner was sentenced to five years imprisonment by the United States District Court for the Western District of Tennessee pursuant to a conviction for interstate transportation of stolen motor vehicles and conspiracy. This is the sentence which he is now serving, and no aspect of that sentence is here under attack. Habeas corpus is thus not an appropriate remedy.

Petitioner alleges that since he never received a certificate of discharge from his 1971 sentence, he is therefore, at least technically, still serving that sentence. He seeks discharge from that sentence. He further alleges that whether or not he is still serving that sentence, the good time he earned under that sentence was not deducted from the term of that sentence which he served on parole. He claims that he was therefore in custody longer than he should have been. For the period of that alleged excess custody he seeks unspecified damages. These allegations are without merit, and the order of the district court should be affirmed.

### Jurisdiction

The jurisdictional basis for plaintiff's damage claims is somewhat obscure. Plaintiff alleges jurisdiction under 42 U.S.C. § 1983, but that statute does not apply when the defendants are acting under color of federal law. *Mack v. Alexander,* 575 F.2d 488 (5th Cir. 1978). Plaintiff could not claim jurisdiction under the Federal

Tort Claims Act, since he has not filed the requisite administrative claim, pursuant to 28 U.S.C. § 2675(a), which is a mandatory condition precedent to filing a civil action against the United States for damages. *Melo v. United States,* 505 F.2d 1026 (8th Cir. 1974), *Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir. 1972). Assuming that a cause of action might be stated in this case for violation of a constitutional right, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619, we go on to consider this appeal on its merits.

### Certificate of Discharge

■ Petitioner's claim that he should have received a certificate of discharge is simply erroneous. No such certificate was used or issued on termination of parole prior to 1976, except for juvenile offenders. In 1976 the parole laws were modified to permit termination of supervision, and thus jurisdiction, over a parolee prior to the expiration of his maximum sentence, 18 U.S.C. § 4211(a).[1] In order to confirm the termination of all legal jurisdiction over the parolee prior to the expiration of his sentence, a parolee terminated early now receives a certificate of termination. *Cf.* 28 CFR Chap. 1, part 2, § 2.43(6). Prior to 1976 there was no such system of early termination, and therefore no such certificate. The termination of petitioner's parole in 1975 was procedurally regular in all respects, and no further action remains to be taken.

### Good Time Deductions

■ Petitioner's claim that his good time should have reduced the term of his original sentence is without merit. It is true, as he notes, that under 18 U.S.C. § 4161 good time entitles a prisoner to a "deduction from the term of his sentence." The "Act to Parole United States Prisoners," of 25 June, 1910, c. 387, § 3, 36 Stat. 819, provided that the parolee was

to remain while on parole, in the legal custody and under the control of the warden of such prison from which paroled, and until the expiration of the term or terms specified in his sentence, less such good time allowance as is or may hereafter be provided for by Act of Congress.

Under the law of 1910, therefore, petitioner's claim for the deduction of good time from the period of parole would have been valid. This provision of the law of 1910 was specifically rejected, however, by the Act of June 29, 1932, c. 310, § 3, 47 Stat. 381, which provides

that any prisoner hereafter sentenced, who may be paroled under the authority of the parole laws, shall continue on parole until the expiration of the maximum term or terms specified in his sentence without deduction of such allowance for good conduct as is or may hereafter be provided for by law.

This was codified at 18 U.S.C. § 4203 (pre-1976). (See 18 U.S.C.A. § 4203 (1969), Reviser's Note.) The law, in other words, was once as petitioner would have it, but is no more. The 1976 revision of the parole laws continues to provide that

A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

18 U.S.C. § 4210(a), (1977), 90 Stat. 226.

Judicial interpretations of good time deductions under 18 U.S.C. §§ 4161 and 4164 (pre-1976) have been entirely consistent. As this court has said, "There is no merit . . . to the contention that the good time . . . earned in prison reduced the original sentence to the extent of the good time earned." *Leyvas v. Harris,* 428 F.2d 366 (7th Cir. 1970). *See Bell v. Putman,* 548 F.2d 749 (8th Cir. 1977); *Bachner v. United States,* 517 F.2d 589 (7th Cir. 1975) at 597; *Clay v. Henderson,* 524 F.2d 921, at 924 (5th Cir. 1975); *Tippitt v. United*

---

1. Pub.L. 94–233, § 2, Mar. 15, 1976, 90 Stat. 219 replaced former sections 4201–4210 of Title 18 with new sections 4201–4218. At all times relevant to this appeal the former law was in effect.

*States Board of Parole,* 446 F.2d 26 (6th Cir. 1971); *McKinney v. Taylor,* 358 F.2d 689 (10th Cir. 1966).

Petitioner's claim that his parole should have been terminated earlier being groundless, his claim for damages was without foundation, and summary judgment was properly entered for respondent.

For the above reasons, the judgment of the district court is affirmed.