James Theodore BENTSEN, Appellant,

v.

G. A. RALSTON, Jr., Warden, United States Medical Center for Federal Prisoners, Appellee.

No. 81–1303.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1981.

Decided Sept. 15, 1981.

**640**

Raymond C. Conrad, Jr., Federal Public Defender, W. D. Missouri, R. Steven Brown, Asst. Federal Public Defender, Springfield, Mo., for appellant.

J. Whitfield Moody, U. S. Atty., Robert G. Ulrich, Asst. U. S. Atty., Springfield, Mo., for appellee.

William D. Burlington, Attorney Advisor, Springfield, Mo., for Federal Prisoners.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,[*] Senior District Judge.

PER CURIAM.

James T. Bentsen appeals from denial by the district court [1] of his petition for a writ of habeas corpus in which he alleged that prison officials failed to reinstate 280 days statutory good time credit that was forfeited in a disciplinary proceeding which was overturned on appeal. Also presented was his contention that statutory good time credit on his remaining sentence is being improperly calculated. The matter was referred to a United States Magistrate for preliminary review and proposed findings of fact and conclusions of law. The district court approved the magistrate's report and recommendation, holding that petitioner had not suffered any adverse effects from forfeiture of good time credit and that credit on his remaining term is being properly computed. We affirm.

Petitioner is currently serving a two year, four month, and twenty-six day parole violator term. The current term represents the remainder of an aggregated seven-year term resulting from a five-year term imposed in 1974 and a two-year term, to be served consecutively, imposed in 1975. Petitioner was initially paroled on November 9, 1977, to a halfway house in Kansas City, Missouri. Petitioner failed to report and, as a result, the United States Parole Commission rescinded the November 9, 1977, parole date and granted him a presumptive parole date of January 25, 1979. Prison disciplinary action over the failure to report resulted in forfeiture of 280 days accumulated good time credit. Because of the forfeiture petitioner's mandatory release day was recomputed and changed from January, 1980, to October 8, 1980. Subsequently, on October 13, 1978, the National Appeals Board modified the previous action of the Parole Commission by changing the presumptive parole date from January 25, 1979, to November 8, 1978. From this date petitioner was on parole until November 6, 1979, when his parole was revoked. After crediting petitioner with the time served on parole, the Parole Commission ordered petitioner to serve the current two year, four month, and twenty-six day parole violator term with a mandatory release date of October 1, 1981.

Petitioner contends that the modification of his presumptive parole date by the National Appeals Board was also a reversal of the good time forfeiture. He asserts primarily that the 280 days of good time should be credited against his parole violator term. The district court properly rejected this claim on the basis that petitioner has suffered no adverse effects from the forfeiture either on his regular term or on his parole violator term. First, the consequence of the forfeiture as to petitioner's regular term was to postpone by 280 days his mandatory release. However, the modification of the National Appeals Board intervened by granting petitioner parole prior to his original mandatory release date. Consequently petitioner has suffered no harm. Second, as to his parole violator term, petitioner is entitled only to the good time credit earned during that term, as any good time credit accumulated during his regular term was forfeited upon the revocation of his parole. *Williams v. Ciccone*, 415 F.2d 331 (8th Cir. 1969); *McKinney v. Taylor*, 358 F.2d 689 (10th Cir. 1966); *Mandel v. Heritage*, 267 F.2d 852 (9th Cir. 1959); *Swift v. Ciccone*, 351 F.Supp. 1149 (W.D. Mo.), *aff'd*, 472 F.2d 577 (8th Cir. 1972).

---

[*] The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable William T. Collinson, United States District Judge for the Western District of Missouri.

Petitioner also asserts that the prison officials are calculating his current good time credit on the basis of a two year, four month, and twenty-six day sentence instead of a seven-year sentence. The record convincingly demonstrates, as the district court found, that petitioner's current good time credit is being properly calculated at a seven-year sentence rate.

After a review of the record, we conclude that the district court's findings of fact are not clearly erroneous and its application of the law correct. Accordingly, we affirm on the basis of the district court's opinion.