John PICARD, Appellant,

v.

STATE of Iowa and Crispus Nix, Warden, Iowa State Penitentiary, Appellees.

No. 69283.

Supreme Court of Iowa.

Oct. 19, 1983.

Steven E. Ort of Johnston & George, Keokuk, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and WOLLE, JJ.

WOLLE, Justice.

The petitioner John Picard appeals from the district court's denial of his application for postconviction relief. Petitioner contends that his good time, which was taken away pursuant to Iowa Code section 246.-41(5) (1981), should be restored because prison authorities did not follow the procedures required under rule 804, Policy and Procedural Guidelines: Procedures for Disciplinary Control of Inmates, and because the prison authorities violated his constitutional right to due process of law. We affirm.

The petitioner has been an inmate at the Iowa State Penitentiary since 1976. In June of 1981 he was on furlough in Cedar Rapids to seek work release employment. He violated conditions of the furlough by going to Omaha, Nebraska, where he was apprehended and subsequently returned to the penitentiary. On September 30, 1981, a hearing was held before the prison disciplinary committee, and he was found guilty of

violating prison rules 9 (escape) and 34 (furlough). He was sentenced to spend 30 days in administrative segregation and lose his honor contract. No appeal was taken, and no issue is presented here about the propriety of that proceeding and decision.

On December 8, 1981, the director of prisons forfeited all of petitioner's earned good time: 1129 days. Petitioner was given no additional hearing nor any additional notice before the December 8 action. The director acted pursuant to Iowa Code section 246.41, which provides:

> Forfeiture or reduction. A prisoner who violates any of such rules shall forfeit the reduction of sentence earned by him as follows:
>
> 1. For the first violation, two days.
> 2. For the second violation, four days.
> 3. For the third violation, eight days.
> 4. For the fourth violation, sixteen days and, in addition, whatever number of days more than one that he is in punishment.
> 5. For the fifth and each subsequent violation, or for an escape, or attempt to escape, the warden shall have the power, with the approval of the state director, to deprive the prisoner of any portion or all of the good time that the convict may have earned.

That section is part of the Iowa Code chapter concerning men's correctional facilities and immediately follows section 246.39 providing prisoners the right to specified good time (time by which a sentence is reduced for complying with prison rules of discipline) and section 246.40 requiring that the institution maintain "a record of each infraction, by a prisoner, of the published rules of discipline."

The petitioner contends that the December 8 action was subject to rule 804 procedures and that these procedures were not followed. In addition, petitioner argues that his constitutional rights were violated because he was not afforded procedural due process.

## I. Rule 804.

Rule 804 was developed pursuant to the mandate of the federal district court in order that penitentiary disciplinary proceedings would comply with procedural due process requirements. See Kelly v. Nix, 329 N.W.2d 287, 290 (Iowa 1983). Petitioner's original disciplinary hearing on September 30 followed rule 804 procedures. At that hearing petitioner's guilt was determined and punishment was imposed. More than two months elapsed, however, before the warden, acting pursuant to Iowa Code section 246.41, imposed the additional punishment of loss of petitioner's earned good time. Petitioner contends that section 246.41 is subject to the procedures required by rule 804, that several of those procedures were violated, and that therefore all records concerning the alleged violation should be expunged in accordance with rule 804(E), which provides:

> If an alleged rule violation is not adjudicated in accordance with the due process procedures set forth in this section, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole.

### A. Relationship of Section 246.41 and Rule 804.

A threshold issue is whether rule 804 applies to actions taken pursuant to section 246.41. If rule 804 is entirely inapplicable, section 246.41 proceedings are subject only to constitutional limitations. The background and purpose of both rule 804 and section 246.41 should first be examined.

■ Section 246.41 was in existence at the time rule 804 was drafted, but there is only one reference in rule 804 to the subject of good time forfeiture, that reference being found in the rule 804 general statement of purpose:

> In general, the extent of procedural rights to which an inmate is entitled will depend on the actual or potential loss of

rights he suffers or may suffer; against these interests of the inmate, the interests of the institution (e.g. control of emergency situations, effective management of internal and custodial affairs, administrative burdens, maintaining proper discipline and respect on the part of persons committed to the custody of the institution) must be weighed. Court decisions have defined the balance to be struck such that it is essential that the following procedures be followed in dealing with all incidents which may result in forfeiture of reduction of sentence, *loss of time,* transfer from the general population to a maximum security section, or other serious loss to the inmate.

Rule 804(A)(6) (emphasis added). Nevertheless, both the rule and the statute have a common purpose: to accomplish fair discipline of prisoners. The rule informs inmates of the procedural guidelines which prison authorities will follow before imposing discipline. The statute is substantive rather than procedural in character, authorizing specific authorities to forfeit specific amounts of good time for specific numbers or types of rule violations. Therefore, rule 804 and section 246.41 can and should be harmonized whenever both provisions seem to apply. *See Deering v. Nix,* 326 N.W.2d 267, 269 (Iowa 1982) (warden's statutory discretion in determining inmate's appropriate place of confinement reconciled with disciplinary rule).

■ In this light we now examine each of petitioner's arguments. On his rule 804 contentions, the petitioner has the burden of proof to establish the facts by a preponderance of the evidence. *Kelly v. Nix,* 329 N.W.2d at 291; *Stanford v. Iowa State Reformatory,* 279 N.W.2d 28, 31 (Iowa 1979).

### B. *Rule 804(C)(14)—Increased Severity of Discipline.*

■ The petitioner first argues that in forfeiting petitioner's good time the warden improperly increased the severity of discipline beyond that imposed by the original disciplinary committee, thereby violating rule 804(C)(14) which provides:

The institution manager or his delegate upon receiving the decision shall have the right to:

1. Uphold the decision as it stands.
2. Reduce the decision.
3. Refer the decision back to the disciplinary authority for review. If the disciplinary authorities make another decision on the same report, it cannot be greater than the first decision given.

We find no such violation because loss of good time for escape under section 246.41(5) is an exceptional sanction not subject to the quoted prohibition against enhanced punishment. Rule 804 disciplinary proceedings contemplate that once the initial dispositional committee decides upon the sanctions to be imposed, neither the warden on review of that decision nor any other authority can thereafter impose greater punishment. That limitation simply cannot apply to loss of good time under section 246.41(5) because only the warden (with approval of the state director) has the power to impose that discipline. We reconcile the rule and the statute by finding that the rule was not intended to and does not apply to those forfeitures of good time under section 246.-41(5) which only the warden and state director can impose.

### C. *Rule 804(C)(12)—Notice of Decision.*

■ Petitioner also contends that he did not receive notice of the forfeiture of his good time within five days after the disciplinary hearing as required by rule 804(C)(12). Rule 804(C)(12) states:

. The inmate shall be immediately advised of the decision, the disposition, and the reasons for the disposition and shall be furnished a written statement of the fact findings as to the evidence relied upon and the reasons for the disciplinary action taken within five working days after the hearing. In those cases where personal or institutional safety may be jeopardized by including certain items of evidence in the written statement furnished the inmate, these items may be

deleted. The statement shall indicate that such omission has been made.

For two reasons, we hold that the five day deadline for furnishing a written statement does not apply to the forfeiture of good time in this case.

First, the decision to forfeit good time was made not by a disciplinary committee but by the warden acting only after obtaining the approval of the state director, because petitioner had escaped and all of his good time was at stake. Iowa Code § 246.-41(5). The warden and state director reasonably waited for the disciplinary committee's decision before deciding on the question of good time forfeiture. The only sensible interpretation of the five day deadline is that it applies only to committee action, not to the subsequent decision of the warden who ought not be required to act until the committee's written decision is issued.

Secondly, the potential penalty under section 246.41(5) is very severe (here, loss of over three years time), and the warden and state director must both act on the matter. Both prison authorities should be allowed adequate time for due deliberation; they ought not be forced into acting hastily by application of a strict five day deadline. This interpretation is consistent with the express policy statements of rule 804(A), promoting decisions which are fair and not just prompt while also taking into account the administrative burdens of prison authorities.

Because petitioner argued only for this five day deadline, we do not address the question whether some other time limit or laches applies to actions taken under section 246.41(5).

D. *Rule 804(C)(12)—The Required Written Statement.*

■ Petitioner also contends that, regardless of when the decision on good time could be made, the warden violated rule 804 by failing to give him an appropriate written statement of reasons for the December 8 action forfeiting his good time. Rule 804(C)(12) provides in part that the inmate "shall be furnished a written statement of the fact findings as to the evidence relied upon and the reasons for the disciplinary action taken. . . ." This section of rule 804 is not preempted by section 246.41 because the statute is entirely silent on the matter. Consequently, a written statement complying with the quoted portion of rule 804 was required.

■ The written statement given to petitioner on December 8 said:

With a clear conduct record from this date, your term will expire 6–29–85 Loss of all good time by order of the director for your escape.

To determine whether this written statement was sufficient, the background and purposes of such a post-hearing statement should be examined. A statement of reasons for a disciplinary action is required by due process. *Wolff v. McDonnell,* 418 U.S. 539, 563–65, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935, 956 (1974); *Fichtner v. Iowa State Penitentiary,* 285 N.W.2d 751, 760 (Iowa 1979). The purpose of such a statement is to facilitate judicial review of the decision and to insure that the administrators will act fairly. *Wolff v. McDonnell,* 418 U.S. at 565, 94 S.Ct. at 2979, 41 L.Ed.2d at 956; *Rinehart v. Brewer,* 483 F.Supp. 165, 170 (S.D.Iowa 1980). In *Fichtner v. Iowa State Penitentiary* we held insufficient a disciplinary committee's terse statement, "Found guilty based on the officer's report." The committee did not identify the facts in the officer's report on which it relied. We said:

"An elaborate statement is unnecessary, yet the committee had to state, at least briefly, the evidence relied on and the reasons for the discipline inflicted."

285 N.W.2d at 760. There, the inmate was necessarily in doubt as to the evidence against him which was found credible. The inmate had challenged all of the evidence in the report.

■ Here we find the written statement adequate. Upon reading the two-sentence statement, petitioner and any person reviewing the decision would know precisely what was decided and why. He had lost all

good time because of his escape. Because he had earlier received an adequate hearing before the prison disciplinary committee on the issue of whether he was guilty of escape, no further explanation of the evidence concerning that escape was necessary. Petitioner has not shown how a greater elaboration of facts or reasons in the officials' written statement would have served the purposes of post-hearing written statements. We conclude no elaboration was necessary.

## II. *Constitutional Due Process.*

 Petitioner also challenges the action taken under Iowa Code section 246.41 on constitutional grounds. Minimum requirements of procedural due process must be observed before good time earned by an inmate can be forfeited. *Wolff v. McDonnell,* 418 U.S. at 557, 94 S.Ct. at 2975, 41 L.Ed.2d at 951–52; *see State v. Grimme,* 274 N.W.2d 331, 336 (Iowa 1979) (dictum). In this case petitioner argues that he was entitled to notice, an opportunity to be heard, and a more elaborate statement explaining why the warden's harsh discipline was imposed. We shall address each of these contentions separately. Where fundamental constitutional rights are involved, we review the case de novo in the light of the totality of circumstances involved. *Kelly v. Nix,* 329 N.W.2d at 291.

 A. Petitioner argues that he had a right to a separate hearing in addition to the one he received on September 30. We disagree. Because there were no factual issues left unresolved after the disciplinary hearing concerning his escape, due process did not mandate an additional hearing before the forfeiture of petitioner's good time based on the finding that he had in fact escaped. *Bell v. Putman,* 548 F.2d 749, 751 (8th Cir.1977) (no due process violation where good time automatically forfeited upon revocation of parole); *Swift v. Ciccone,* 472 F.2d 577, 578 (8th Cir.1972) ("Due process does not necessitate an evidentiary hearing where there are no factual issues to resolve."); *Bartholomew v. Reed,* 477 F.Supp. 223, 229 (D.Or.1979), reversed in part on other grounds, 665 F.2d 915 (9th Cir.1982) (warden may increase sanction of disciplinary, committee without a hearing); *Morgan v. Cook,* 344 So.2d 577 (Fla.1977) (statute which provides for forfeiture of good time upon conviction of escape in a judicial proceeding does not violate due process).

 B. Because petitioner was not entitled to an additional hearing, there was no reason to provide him with additional notice of the "alleged violation." The purpose of notice is to enable the inmate to prepare for a hearing. As the Supreme Court has stated: "We hold that written notice of the charges must be given to the disciplinary action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell,* 418 U.S. at 564, 94 S.Ct. at 2979, 41 L.Ed.2d at 956. When no hearing is held the purpose of giving notice is not served, and so no notice need be given.

 C. Petitioner also contends that he had a constitutional right to a more detailed statement as to why all of his good time was forfeited. It is clear, however, that the requirements in rule 804(C)(12) for a written post-hearing statement are derived from and essentially no different than the due process requirement for such a statement. The language of the rule comes straight from *Wolff v. McDonnell,* 418 U.S. at 563, 94 S.Ct. at 2978–79, 41 L.Ed.2d at 956. Consequently, for the reasons given with respect to rule 804(C)(12) we find that the written statement given to petitioner was constitutionally adequate.

 D. Finally, petitioner contends that his due process rights were violated because he received a more severe penalty for escape than the maximum sentence provided in the Iowa Code for the crime of escape. Iowa Code section 719.4(3) (1981) provided that a person who commits this type of escape is guilty of a serious misdemeanor. *See State v. Burtlow,* 299 N.W.2d 665, 669 (Iowa 1980) (escape from work furlough is a violation of subsection (3) and

not subsection (1) of section 719.4). The maximum penalty for a serious misdemeanor was one year imprisonment or a $1,000 fine, or both. Iowa Code § 903.1 (1981). The petitioner in this case lost 1129 days (3 years and 32 days) of good time. While it is true that the penalty imposed on the petitioner was substantial, procedural due process does not necessarily require that prison disciplinary penalties be no more severe than those imposed pursuant to a criminal proceeding. *Glouser v. Parratt,* 605 F.2d 419, 420–21 (8th Cir.1979). The penalty here consisted only of loss of good time, not the addition of time to the sentence previously imposed and now being served by petitioner. Petitioner's good time was forfeited pursuant to Iowa Code section 246.40 only after the State had complied with the requirements of rule 804 and observed procedural due process appropriate for the circumstances of disciplining petitioner for his escape.

We find no merit in either petitioner's due process or rule 804 contentions and conclude that the trial court correctly dismissed his petition for postconviction relief.

AFFIRMED.