785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LITHO RANGE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, BUREAU OF PRISONS,
Respondent-Appellee.
 85-3522
 United States Court of Appeals, Sixth Circuit.
 1/9/86
 
 ORDER
 BEFORE: MERRITT, JONES and NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellees have filed a motion to dismiss the appeal on the basis that the United States District Court for the District of Columbia, not the United States District Court for the Northern District of Ohio, had jurisdiction to hear the appellant's 28 U.S.C. Sec. 2241 habeas corpus petition. The appellant has responded to the motion. Appellant was convicted in the United States District Court for the Northern District of Ohio. At the time the habeas corpus petition was filed, appellant was on parole. It is assumed from a review of the district court record and the documents filed by the parties in this Court that petitioner was paroled to the Northern District of Ohio. A person on parole is sufficiently restrained to amount to custody. His habeas corpus petition should be filed in the district in which he has been paroled and a probation officer assigned. Coronado v. United States Board of Parole, 540 F.2d 216, 217 n.3 (5th Cir. 1976). The habeas corpus petition was filed in the United States District Court for the Northern District of Ohio. Therefore, the motion to dismiss is not well taken.
 
 
 3
 The appellant's 28 U.S.C. Sec. 2241 habeas corpus action asks that he be released from parole supervision because he served his maximum sentence less the good time credits he received. Title 18 U.S.C. Sec. 4163 in conjunction with 18 U.S.C. Sec. 4164 provides that a prisoner be released at the expiration of his term of sentence less time deducted for good conduct. However, the prisoner is deemed released on parole until the expiration of his maximum term of sentence. Tippitt v. United States Board of Parole, 446 F.2d 26 (6th Cir. 1971). Good time reduces only the time to be spent in prison and does not reduce the term of sentence or reduce the time on parole. Hubbert v. United States Parole Commission, 585 F.2d 857 (7th Cir. 1978); Bell v. Putman, 548 F.2d 749 (8th Cir.), cert. denied, 431 U.S. 958 (1977).
 
 
 4
 It is ORDERED that the motion of the appellee to dismiss the appeal be and hereby is denied.
 
 
 5
 It if further ORDERED that the district court decision be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.