787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IRVING H. NORTH, Petitioner-Appellant,
v.
CALVIN EDWARDS, Respondent-Appellee.
 85-1921
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court's dismissal of his petition filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On December 12, 1980, appellant was sentenced to a five year term of imprisonment pursuant to a judgment and commitment order entered on a jury verdict of guilty of mail fraud in violation of 18 U.S.C. Sec. 1341. On March 23, 1981, appellant was sentenced to a three year term of imprisonment pursuant to a plea of guilty of interstate transportation of forged securities in violation of 18 U.S.C. Sec. 2314. The three year sentence was to run consecutively to the five year sentence. Appellant served 28 months of the 8 year sentence and was paroled on April 27, 1983. Because appellant's engaged in 'new criminal conduct', his parole was revoked in April, 1984. The revocation report specifically noted that the time spent on parole would be credited.
 
 
 3
 As a result of appellant's parole revocation, his statutory release date was advanced from January 20, 1986, to February 22, 1987. In his Sec. 2241 petition, appellant complains about the advancement of his statutory release date. The district court dismissed the Sec. 2241 petition.
 
 
 4
 It appears that appellant's release date was calculated correctly. At the time of the original calculation, the aggregated 8 year sentence would expire on February 27, 1988. Appellant was entitled to 8 good time credits per month for a total of 768 credits. 18 U.S.C. Sec. 4161. Once appellant's parole was revoked (April, 1984), he forfeited the good time credits earned as of the revocation date. Bentsen v. Ralston, 658 F.2d 639 (8th Cir. 1981); Powell v. U.S. Bureau of Prisons, 695 F.2d 868 (5th Cir.), cert. denied, 464 U.S. 832 (1983); Wilkerson v. U.S. Board of Parole, 606 F.2d 750 (7th Cir. 1979). Therefore, appellant was entitled only to good time credit for the remainder of his sentence--3 years and 10 months and 11 days.
 
 
 5
 It appears that the question on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the judgment of the district court be affirmed.