791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY FRANK GODFREY, Petitioner-Appellant
v.
UNITED STATES ATTORNEY GENERAL, ET AL, Respondents-Appellees.
 85-6044
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 E.D.Ky.
 ORDER
 BEFORE: KEITH, NELSON and BOGGS, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court order denying the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary, Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On October 4, 1977, appellant began serving a five year sentence imposed as a result of his convictions for violations of 18 U.S.C. Secs. 2312 and 2313 (transportation of and sale or receipt of stolen vehicles). While in confinement, appellant escaped and, upon apprehension, was sentenced to a four year term of imprisonment for violation of 18 U.S.C. Sec. 751(a). Appellant was paroled from the aggregate nine year sentence on November 10, 1980. On June 8, 1981, an arrest warrant charging appellant with forgery was issued in South Carolina. The series of events which preceded the arrest resulted in a parole violator warrant being issued on April 30, 1981 and executed on August 31, 1984. Appellant was returned to federal custody to serve the remainder of his nine year sentence.
 
 
 3
 Appellant filed his Sec. 2241 petition on December 10, 1984, alleging that he was improperly denied statutory good time credits earned prior to and during the time he was paroled and denied credit for the time served in the state jail in South Carolina awaiting disposition of the state forgery charge. The district court denied the petition on the basis that appellant's release date was properly calculated.
 
 
 4
 It appears that appellant's release date was calculated correctly. Once appellant's parole was revoked (August, 1984), he forfeited the good time credits earned as of the revocation date. Bensten v. Ralston, 658 F.2d 639 (8th Cir. 1981), Powell v. U.S. Bureau of Prisons, 695 F.2d 868 (5th Cir.), cert. denied, 464 U.S. 832 (1983); Wilkerson v. U.S. Board of Parole, 606 F.2d 750 (7th Cir. 1979). Therefore, appellant was entitled to good time credit only for the remainder of his sentence--6 years, 1 month and 21 days.
 
 
 5
 Contrary to appellant's contention, his sentence is not reduced by the time he spent incarcerated awaiting disposition of his state forgery charge. While it is true that a prisoner may be granted a credit on his federal sentence for time spent in state custody, if bail on the state charge is denied because of a federal detainer, United States v. Shillingford, 586 F.2d 372 (5th Cir. 1978), the record establishes that appellant was not denied bail solely on the federal detainer, but was unable to post bond regarding the charge of forgery. Consequently, appellant is not entitled to have the time he was incarcerated on the forgery charge credited to his federal sentence. Likewise, appellant is not entitled to credit for the time spent on parole. See 28 C.2 Sec. 2.52(c)(2).
 
 
 6
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for ap ointment of counsel be denied and the judgment of the district court be affirmed.