810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip Duane BREDY, Petitioner-Appellant,
v.
Norman CARLSON, Director, U.S. Bureau of Prisons, et al.,
Respondents-Appellees.
 No. 85-6049.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1986.
 
 1
 Before LIVELY, Chief Judge, and KEITH and MERRITT; Circuit Judges.
 
 ORDER
 
 2
 This matter is before the Court upon consideration of this pro se appellant's appeal from an order of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record on appeal and the parties' briefs, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In December, 1971, appellant was convicted on a charge of bank robbery under 18 U.S.C. § 2113(a) and sentenced to a term of 15 years' imprisonment. Subsequently, appellant was also accorded an additional punishment of three years' incarceration, to be served consecutively to that which had been previously imposed, in consequence of his entry of a guilty plea to a charge of attempted escape. As a result of those convictions, appellant was confined for a total of seven years, during which time he amassed good time credits in the amount of 840 days. On April 19, 1978, however, he was released on parole and remained at liberty until his arrest by Idaho authorities on a charge of receipt of stolen property in 1979. The United States Parole Commission therefore determined to revoke appellant's parole and ordered his reincarceration to serve the remainder of the sentences that had been imposed in consequence of his convictions for bank robbery and attempted escape. In a petition for a writ of habeas corpus, however, appellant maintained that that period of confinement should be shortened by 840 days in recognition of the good time credit which he had accumulated prior to this release on parole. By order entered October 30, 1985, the district court rejected that assertion and dismissed the petition for a writ of habeas corpus. Appellant has since sought review of that order by this Court.
 
 
 4
 Examination of the relevant authorities indicates that the district court did not err in dismissing the petition for a writ of habeas corpus. Specifically, it is well established that the revocation of a prisoner's parole is effective as a forfeiture of any good time credits acquired during the period of his initial, pre-release incarceration. Furthermore, the loss of good time credits in such a matter is in no way constitutionally defective. Bensten v. Ralston, 658 F.2d 639 (8th Cir.1981); Wilkerson v. U.S. Board of Parole, 606 F.2d 750 (7th Cir.1979); Bell v. Putnam, 548 F.2d 749 (8th Cir.1977); Hedrick v. Steele, 187 F.2d 261 (8th Cir.1951). Consequently, appellant is no longer entitled to benefit from the 840 days of good time credit which he earned prior to his release on parole, and the district court properly dismissed the petition for a writ of habeas corpus on that basis.
 
 
 5
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court entered October 30, 1985, be and hereby is affirmed.